Marku v. Holder

BIA
Mulligan, IJ
A077 943 948

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

PRESENT:
>        JOHN M. WALKER, JR.,
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

SOKOL MARKU,
>        *Petitioner,*

>        v.                                     11-4898
>                                               NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid; New York, New York.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Paul Fiorino, Senior
                         Litigation Counsel; John M. McAdams,
                         Jr., Attorney, Office of Immigration
                         Litigation, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sokol Marku, a native and citizen of Albania, seeks review of an October 26, 2011, decision of the BIA affirming the July 20, 2009, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Sokol Marku*, No. A077 943 948 (B.I.A. Oct. 26, 2011), aff'g No. A077 943 948 (Immig. Ct. N.Y.C. July 20, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications, like Marku's, governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, the plausibility of his account, and inconsistencies in the witnesses' statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Marku did not testify credibly regarding his claims. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the agency noted, Marku's hearing testimony that he did not fly to JFK airport in March 2000 was inconsistent with his subsequent affidavit, in which he conceded that he had done so. The agency reasonably declined to credit Marku's subsequent explanation that the inconsistency resulted because he did not consider the March 2000 arrival an "entry" into the United States, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted) (emphasis in original)), particularly given that, at the hearing, the

3

Government did not ask Marku whether he had "entered" the United States in March 2000 but, rather, whether he had ever flown into JFK airport.

Further, as the agency noted, Marku's statement in support of his asylum application did not include the allegation that he was allegedly beaten by his friends at his workplace once they discovered his sexual orientation, an allegation that he described in his testimony on the merits of his application. Similarly, Marku did not testify that he was strangled by a police officer in Albania – an allegation he included in his statement in support of his asylum application – until he was prompted to by questioning from his attorney. Although Marku argues that these inconsistencies are not sufficient to form the basis of an adverse credibility determination, under the REAL ID Act, these inconsistencies provide substantial support for the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

The adverse credibility determination is further supported by the IJ's demeanor finding, to which we give particular deference. *See Majidi*, 430 F.3d at 81 n.1; *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494

4

F.3d 296 (2d Cir. 2007). Accordingly, the agency did not err in denying asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk